IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ALFONSO RENDON-SEVILLA,<br><br>    Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 1:05-CV-87 TS<br>Criminal Case No. 1:04-CR-151 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Federal Sentence, pursuant to 28 U.S.C. § 2255. Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court will deny Petitioner's § 2255 Motion.

BACKGROUND

On October 20, 2004, Petitioner was charged in a one-count Indictment alleging a

1

violation of 8 U.S.C. § 1326, Re-entry of a Previously Deported Alien.[1] On the same date, a notice of sentencing enhancement was filed putting Petitioner on notice that the maximum term of imprisonment was twenty years, based upon his prior conviction for drug distribution.[2] On October 27, 2004, Petitioner appeared before the magistrate judge and entered a plea of not guilty to the charge. The Court advised Petitioner of the nature of the charges and the potential twenty-year sentence he was facing. An interpreter was present to assist Petitioner.[3]

On February 7, 2005, Petitioner appeared before the Court for a change of plea hearing. A court interpreter was present to assist Petitioner in understanding all of the terms of the plea agreement. Despite being invited to do so, Petitioner did not ask any questions or raise any concerns. Petitioner stated at the hearing that he was satisfied with the services of Counsel, and he acknowledged the facts in the Statement Made in Advance of Plea were true.

On April 26, 2005, Petitioner was sentenced to 46 months in the custody of the Bureau of Prisons. At the sentencing hearing, Petitioner was informed of his right to appeal.[4] Petitioner did not file a direct appeal of his conviction. On July 5, 2005, Petitioner filed this Motion pursuant to 28 U.S.C. § 2255.[5] The Court finds, as a preliminary matter, that Petitioner's Motion was timely filed.

---

[1] Case No. 1:04-CR-151 TS, Docket No. 1.

[2] Case No. 1:04-CR-151 TS, Docket No. 2.

[3] Case No. 1:04-CR-151 TS, Docket No. 4.

[4] Case No. 1:04-CR-151 TS, Docket No. 19.

[5] Case No. 1:05-CV-87 TS, Docket No. 1.

DISCUSSION

In support of his § 2255 Motion, Petitioner argues that: (1) there was an over-representation of Petitioner's criminal history; and (2) ineffective assistance of counsel in that (a) his conviction was obtained through coercion by Counsel's failure to explain the consequences and nature of the plea agreement (hereinafter the "Agreement"), and (b) in Counsel not filing a direct appeal, after being requested to do so.

A.   OVER-REPRESENTATION OF CRIMINAL HISTORY

Petitioner states in his Motion that his criminal history is over-represented.  Petitioner alleges "the [Petitioner's] only conviction was for possession of marijuana, to wit a third degree felony which does not qualify as a drug traficking [sic] under the Federal Statutes for purposes of enhancements."[6]  The Government filed a Notice of Sentencing Enhancement on August 20, 2004, pursuant to 8 U.S.C. § 1326(b), wherein the Government gave notice that Petitioner had been convicted in New Mexico of the felony of "Possession of Marijuana with Intent to Distribute. "[7]

The Court finds that Petitioner was aware of the enhancement from the beginning of the case, and did not raise the issue in any of the proceedings or in any Notice of Appeal.  During the change of plea, Defendant was made aware that the maximum term of imprisonment was up to 20 years.  At sentencing, the Court reviewed the pre-sentence report, which contained Petitioner's criminal history, and determined that the sentencing range was appropriate.  In making this determination, the Court conducted its own analysis as to whether any other sentence

---

[6] *Id*.

[7] Case No. 1:04-CR-151 TS, Docket No. 2.

would be reasonable. No motion for downward departure was filed, based on an over-represented criminal history. In determining the sentence, the Court considered Petitioner's criminal history.

In crafting his argument, Petitioner relies on 18 U.S.C. § 1326(a), which states in pertinent part that, "[s]ubject to subsection (b) of this section, any alien who . . . has been deported or removed . . . and thereafter . . . is at any time found in, the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both."[8]

Petitioner overlooks the first part of subsection (a), which provides that subsection (b) must also be considered. Subsection (b)(2) provides in pertinent part that, "[n]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection—whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."[9] Under subsection (b), Petitioner was appropriately subject to an imprisonment of twenty years or less. As such, Petitioner's first § 2255 argument of an over-represented criminal history is without merit, and is denied.

B.   INEFFECTIVE ASSISTANCE OF COUNSEL

As mentioned above, Petitioner argues his Constitutional right to effective assistance of counsel was violated in that (a) his conviction was obtained through coercion by Counsel's failure to explain the consequences and nature of the Agreement, and (b) in Counsel not filing a direct appeal, after being requested to do so.

---

[8] 18 U.S.C. § 1326(a).

[9] *Id.* at (b).

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.[10]

To successfully claim ineffective assistance then, Petitioner must show two things:  First, that Counsel functioned deficiently.[11]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[12]  Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[13]  "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[14]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[15]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[16]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but

---

[10] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[11] *Strickland*, 466 U.S. at 687.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

only what is constitutionally compelled.[17]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[18]

### 1.   Conviction Obtained Through Coercion

In his § 2255 Motion, Petitioner states "[t]hroughout the [Petitioner's] representation during the Court's proceedings, [Counsel] failed to communicate with [Petitioner] to fully explain the nature of the charges . . . nor explain the full consequences of the charge."[19] Petitioner brings to the Court's attention his inability to read or understand English.

Concerning Petitioner's § 2255 claim of ineffective assistance of counsel with regard to the conviction being obtained through Counsel's failure to communicate with Petitioner regarding the nature of the charge and the consequences therein, the Court finds that Petitioner does not show that Counsel made serious mistakes, which fell below an objective standard of reasonableness, and as such, the Court need not address the second prong of the *Strickland* test for this claim.

Aside from the lack of argument by Petitioner on this issue, Petitioner made affirmative statements, orally and in writing, that he was satisfied with the advice and assistance of trial Counsel.  In the written Agreement, Petitioner signed his name beneath the following statements:

---

[17] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[18] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[19] Docket No. 1 at 6, in Case No. 1:05-CV-87 TS.

– I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of Title 8, United States Code, Section 1326 Re-entry of a Previously Deported Alien, is a term of imprisonment of up to 20 years.[20]

– No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.[21]

– I have discussed this case and this plea with my lawyer as much as I wish to.[22]

– I am satisfied with my lawyer.[23]

– My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.[24]

– I have no mental reservations concerning the plea.[25]

– I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.[26]

---

[20]Case No. 1:05-CV-87 TS, Docket No. 7.

[21]*Id.*

[22]*Id.*

[23]*Id.*

[24]*Id.*

[25]*Id.*

[26]*Id.*

Further, during the Rule 11 plea colloquy, in addition to Petitioner confirming that he had discussed the plea agreement with Counsel, Petitioner confirmed that he was satisfied with the advice to, and representation of him by Counsel.

Petitioner has made no meritorious argument, and nothing in the record suggests, that counsel was ineffective in the plea process. Therefore, the Court finds that there was no deficient functioning of Counsel in the underlying criminal case. As such, Petitioner's ineffective assistance claim, with regard to the conviction being obtained through coercion is denied.

   *2.    Failure to File a Requested Direct Appeal*

Petitioner's second claim for ineffective assistance of counsel is based upon the assertion that Counsel did not file a requested Notice of Appeal. Petitioner alleges that at the sentencing hearing, "[Petitioner] requested his defense attorney to file a Notice of Appeal, to which Counsel strongly declined and totally refused."[27]

In addition, Petitioner, Petitioner's wife, and Petitioner's daughter have all filed sworn affidavits with the Court, corroborating that Petitioner asked Counsel to file a Notice of Appeal. The daughter alleges she personally called Counsel on several occasions to notify Counsel that Petitioner intended to appeal, and that Counsel informed her the decision was between Counsel and Petitioner, and that Counsel could not give her any information.[28] Petitioner's wife alleges that she asked Counsel "what had happened in court," and that Counsel answered that he could not give her any

---

[27]Case No. 1:05-CV-87 TS, Docket No. 1, at 9.

[28]Case No. 1:05-CV-87 TS, Docket No. 11.

information.[29]  Further, Petitioner's wife states that Counsel neglected to appeal on behalf of her husband.[30]

The Government's response to Petitioner simply states that the Government "does not have any information as to why a direct appeal was [not] filed . . . [t]he only record that exists as to the lack of any filing is the docket in this case."[31]

If a defendant specifically requests that his counsel file an appeal, and counsel refuses or fails to do so, the Supreme Court has held that this conduct is "professionally unreasonable."[32]  If counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal likely would have had merit.[33]

It is appropriate, therefore, to hold an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings to determine the issue of whether Petitioner requested his former counsel to file an appeal.  The Court will set this matter for an evidentiary hearing and will appoint counsel for Petitioner pursuant to Rule 8(c).

---

[29]*Id.*

[30]*Id.*

[31]Case No. 1:05-CV-87 TS, Docket No. 7.

[32]*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

[33]*Id.*

CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 1:05-CV-87 TS) is DENIED IN PART. It is further

ORDERED that the Court will, by separate order, set this matter for an evidentiary hearing on the sole issue of whether Petitioner requested counsel to file an appeal on his behalf. It is further

ORDERED that the Court, by separate order, will appoint counsel pursuant to Rule 8(c). It is further

ORDERED that all pending motions (Docket Nos. 4, 5, 6, and 9) are DISMISSED AS MOOT.

DATED   August 7, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge