IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ALFONSO RENDON-SEVILLA, | |
| Petitioner, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| vs. | |
| UNITED STATES OF AMERICA, | Civil Case No. 1:05-CV-87 TS |
| Respondent. | Criminal Case No. 1:04-CR-151 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Federal Sentence, pursuant to 28 U.S.C. § 2255. On January 11, 2008, the Court held an evidentiary hearing concerning the remaining issue contained in the Motion—whether trial counsel provided ineffective assistance of counsel by allegedly failing to file an appeal after being requested to do so. Petitioner was represented by counsel at the hearing. Having considered the pleadings and the record before it, as well as the evidence presented at the hearing, the Court will deny Petitioner's § 2255 Motion.

BACKGROUND

A full recitation of the factual background of Petitioner's underlying criminal case can be found in the Court's August 7, 2007 Memorandum Decision and Order.[1]  In his § 2255 Motion, Petitioner argued that: (1) there was an over-representation of Petitioner's criminal history; and (2) ineffective assistance of trial counsel in that (a) his conviction was obtained through coercion by trial counsel's failure to explain the consequences and nature of the plea agreement (hereinafter the "Agreement"), and (b) trial counsel did not file a direct appeal, after being requested to do so.  The Court denied Petitioner's Motion on all grounds except for the final allegation that his trial counsel failed to file a direct appeal after being requested to do so.[2]  The Court then appointed counsel and held an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings.

DISCUSSION

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.[3]

To successfully claim ineffective assistance then, Petitioner must show two things.  First, that Counsel functioned deficiently.[4]  "This requires showing that counsel made errors so serious

---

[1]Docket No. 14.

[2]*Id*.

[3]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[4]*Strickland*, 466 U.S. at 687.

that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[5] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[6] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[7]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[8]

 A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[9]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[10]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[11]

 If a defendant specifically requests that his counsel file an appeal, and counsel refuses or fails to do so, the Supreme Court has held that this conduct is "professionally unreasonable."[12]  If

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[10] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[11] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[12] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

3

counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal likely would have had merit.[13]

As noted, Petitioner asserts that trial counsel did not file a requested Notice of Appeal. Petitioner alleges that at the sentencing hearing, "[Petitioner] requested his defense attorney to file a Notice of Appeal, to which Counsel strongly declined and totally refused."[14]  In addition, Petitioner, Petitioner's wife, and Petitioner's daughter have all filed sworn affidavits with the Court, corroborating that Petitioner asked trial counsel to file a Notice of Appeal.[15]

At the hearing, Petitioner again stated that he asked his trial counsel to file an appeal on his behalf and that his trial counsel refused.  Petitioner testified that during the sentencing hearing he asked his trial counsel to file an appeal.  Additionally, Petitioner stated that he called his trial counsel approximately three days after the sentencing hearing and left him a message requesting that he file an appeal.  Petitioner also asserts that he asked his wife and daughter to call his trial counsel to request that he file an appeal.  Petitioner asserts that this was done, but Petitioner's wife and daughter were not present to testify at the evidentiary hearing.

At the evidentiary hearing, trial counsel was called to testify.  At the hearing, trial counsel, who is and was a member of the Federal Defender Office, stated that he had no recollection of Petitioner asking him to file an appeal.  He stated that it is his policy, when a client asks him to file an appeal at the time of sentencing, that he tells his client to think it over for a day or two and then to call.  If, after that period, the client still requests an appeal, he makes

---

[13]*Id.*

[14]Docket No. 1, at 9.

[15]Docket No. 11.

a notation of that appeal request and gives the case to the appellate section of the Federal Defender Office.  He also testified that the filing of an appeal does not create any additional work for him.  Rather, it is handled by the appellate section.  Trial counsel indicated that, in this case, he had no recollection of being asked to file an appeal and there was nothing in the file to indicate that Petitioner had requested he file an appeal.  Additionally, trial counsel indicated that he had no recollection of having a conversation with Petitioner's wife or daughter concerning the filing of an appeal.

For the reasons set forth below, the Court finds that Petitioner's testimony was not credible and that the testimony of his trial counsel was credible.  As a result, the Court finds that Petitioner has presented insufficient evidence to support his argument that his counsel was ineffective.

In considering credibility, the Court wishes to highlight a few of the statements made by Petitioner during his testimony which the Court finds to reduce Petitioner's credibility.  First, Petitioner stated that he could not understand the interpreter that was used at sentencing because the interpreter did not speak Spanish well.  The Court has reviewed the docket in the underlying criminal case.  The Spanish interpreter used at the sentencing is a competent interpreter whose native language is Spanish.[16]  Similarly, Petitioner stated that he could not understand his trial counsel.  Again, his trial counsel is a native Spanish speaker.  Finally, Petitioner asserted that he never received or read the presentence report and never had that report read to him.  This Court cannot find this statement credible as it asks each defendant which appears before it if they have

---

[16]*See* Docket No. 19 in Criminal Case No. 1:04-CR-151 TS.

had a chance to read and review the presentence report or if they have had it read to them.  For these reasons, as well as others, the Court finds that Petitioner was not credible.

On the other hand, the Court finds that Petitioner's trial counsel's testimony was credible. Trial counsel specializes in illegal reentry cases and has done so since 2000.  Since that time, he has handled over 700 illegal reentry cases.  As was noted above, there is nothing in trial counsel's file to indicate that Petitioner requested an appeal in this case.  Trial counsel indicated that he would always write down such a note on the file.  Trial counsel testified that he had used this note taking practice since 2000.  The Court also finds persuasive the fact that the filing of an appeal would not create more work for trial counsel, but would rather be handled by the appellate section.  Thus, there is no reason for trial counsel not to file an appeal if so asked.  Finally, the Court finds important trial counsel's testimony that he has never failed to file an appeal when an appeal is requested.

Based on the above, the Court finds Petitioner's testimony is not credible.  The only evidence presented by Petitioner are his own self-serving statements.  Those statements are contradicted by the credible statements by trial counsel that he has no recollection of being asked to file an appeal and the lack of evidence that Petitioner ever requested such an appeal.  As a result, the Court finds that Petitioner has failed to provide sufficient evidence to overcome the presumption that counsel provided effective assistance and his Motion must be denied.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1  in Case No. 1:05-CV-87 TS)

is DENIED.  The Clerk of the Court is directed to close this case forthwith.

DATED   January 14, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge